UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-00317-H

TOMMY SMITH                                                                                         PLAINTIFF

V.

UNUM PROVIDENT *also known as*
UNUM LIFE INSURANCE COMPANY
OF AMERICA                                                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed this action against his former employer's disability-claims administrator, alleging that Defendant wrongfully denied his claim for long-term disability ("LTD") benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Defendant has moved for summary judgment, arguing that Plaintiff untimely filed his lawsuit beyond the applicable statute of limitations. For the reasons set forth below, Defendant's Motion for Summary Judgment will be sustained and Plaintiff's claim will be dismissed.

**I.**

The relevant facts are rather straightforward.

Plaintiff was employed full-time by Toyota Motor Manufacturing North America ("Toyota"). Following an injury in 2002, he filed a claim for LTD benefits and received them until Defendant later reconsidered and denied his claim in April of 2004. Plaintiff timely appealed Defendant's denial of benefits and received a final denial in April of 2005. Approximately two years later, Plaintiff participated in a claim reassessment process offered which, by terms of the process agreement, tolled any applicable statute of limitations pertaining

to actions disputing claims for disability benefits. Plaintiff underwent the process and within four months he received a final determination affirming Defendant's original denial of benefits. Almost four years later, Plaintiff filed this action in Jefferson Circuit Court and Defendants timely filed for removal to federal court.

## II.

A motion for summary judgment will be sustained if the moving party shows that there is no genuine dispute as to any material fact and the party is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists if "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the moving party meets its burden, the burden then shifts to the non-moving party to move beyond the pleadings and present evidence in support of its claim. *Celotex Corp. v Catrett*, 477 U.S. 317, 324 (1986). When analyzing each party's arguments, inferences drawn from the underlying facts should be viewed in a light most favorable to the non-moving party. *Arendale v. City of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008).

## III.

Defendant argues it is entitled to summary judgment because Plaintiff filed this action after the applicable statute of limitations, contained in Toyota's Group Long Term Disability Insurance Policy (the "Policy"), had run. According to the Policy's limitations period, Plaintiff was more than four years tardy in asserting this action. In the alternative, Defendant urges the Court to apply an analogous statute of limitations found in Kentucky state law, argued to be five years. In his response, Plaintiff entirely ignores Defendant's primary argument. Instead,

Plaintiff addresses only Defendant's secondary argument and contends that the state statute of limitations most analogous to this action is one which grants him fifteen years to assert his cause of action.

Since ERISA does not contain a statute of limitations for disputes over benefits claims, district courts usually apply the most analogous state statute of limitations to these actions. *Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 454 (6th Cir. 2009) (citing *Redmon v. Sud-Chemie Inc. Ret. Plan for Union Emps.*, 547 F.3d 531, 534-35 (6th Cir. 2008)). "However, choosing which statute to borrow is unnecessary when the parties have contractually agreed on a limitations period and that limitations period is reasonable." *Med. Mut. Of Ohio v. K. Amalia Enters. Inc.*, 548 F.3d 383, 390 (6th Cir. 2008) (citing *Morrison v. Marsh & McLennan Cos.*, 439 F.3d 295, 301-03 (6th Cir. 2006)). In terms of "reasonableness," the Sixth Circuit has repeatedly upheld three years as an acceptable limitations period. *Rice*, 578 F.3d at 454. The Sixth Circuit has also held that parties to a contract may establish dates of accrual for limitations periods different from those authorized by statute. *Id.* at 455. These, too, are enforced where found to be reasonable. *Id.*

Here, the Policy establishes both a statute of limitations and an accrual date for limitations periods. It requires complainants to file legal action arising from the denial of benefits within "3 years after the time proof of claim is required." The term "proof of claim" refers to the accrual date for the limitations period and is defined in the policy as well: "Proof of claim must be given to the Company . . . no later than 90 days after the end of the elimination period." The elimination period begins on the first day of disability and lasts 180 days.

The three-year limitations period prescribed by the Policy is one which has been upheld

repeatedly by the Sixth Circuit and the Court finds nothing in its language or the accompanying provisions governing dates of accrual to be unreasonable. Therefore, the Policy's limitations period controls. As calculated in accordance with the Policy, Plaintiff's limitations period began to run on May 27, 2003,[1] which allowed him until May 27, 2006 to file his lawsuit. Plaintiff filed this action in 2011, more than four years after this period had expired.[2] Therefore, his action was untimely and is now barred.

The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is SUSTAINED and Plaintiff's claim is DISMISSED WITH PREJUDICE.

This is a final order.

cc: Counsel of Record

---

[1] Plaintiff's injury occurred on August 29, 2002 and the elimination period thus ended on February 25, 2003. The policy's limitations period began running at that time and lasted 90 days, ending on May 27, 2003, which is the date that the statute of limitations began to run.

[2] Even counting the short period during which the limitations period was tolled, Plaintiff was still more than four years tardy in filing his lawsuit.